Borenstein, J.
This case arises from an action brought by the plaintiffs, HTA Limited Partnership (“HTA”), Timothy K. Hanna (“Hanna”), and CMA Realty Trust (“CMA”) (collectively “plaintiffs”), against the defendant, Massachusetts Turnpike Authority (“the Turnpike Authority”), to rescind a taking and to recover damages for unlawful acts of the Turnpike Authority. The Turnpike Authority now moves to dismiss plaintiffs’ first amended complaint. For the reasons that follow, the Turnpike Authority’s motion is ALLOWED.
BACKGROUND
In August 1994, in order to reduce traffic on the Massachusetts Turnpike in compliance with the Federal Clean Air Act, the Turnpike Authority took a parcel of property by eminent domain owned by Hanna (“the property") to create a Park and Ride lot. The property is located next to the Framingham exit of the Massachusetts Turnpike.
Hanna, the general managing partner of CMA, filed an action in this Court in 1995 to rescind the taking claiming that it was not for a public purpose. Hanna alleged that the true purpose of the taking was for the Turnpike Authority to construct a road into the abutting, landlocked parcel of land (the “9/90 parcel”). Later, Hanna voluntarily dismissed the case. In 1996, Hanna brought a land damage action, which is still pending in Superior Court, challenging the amount of compensation that he was paid for the taking. In 1997, Hanna brought the present action to rescind the taking and to recover damages caused by unlawful acts of the Turnpike Authority. This case is before this court on the Turnpike Authority’s motion to dismiss plaintiffs’ first amended complaint.
*401 DISCUSSION
I.LEGAL STANDARD
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint, as well as any inference which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). “The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
II.Count I — UNLAWFUL DELEGATION OF LEGISLATIVE POWER
Plaintiffs assert that the Legislature’s delegation of power to the Massachusetts Turnpike Authority to construct a toll road violates art. 30 of the Declaration of Rights to the Massachusetts Constitution. However, the Supreme Judicial Court has rejected a challenge to the constitutionality of the legislature’s general grant of powers to the Turnpike Authority, as well as the legislature’s delegation of the power of eminent domain. Opinion of the Justices, 330 Mass. 713, 717-26 (1953). Accordingly, Count I is dismissed.
III.Count II — UNAUTHORIZED ACTIVITY BEYOND THE SCOPE OF EXPRESS POWERS
Count II alleges that the Turnpike Authority acted beyond the scope of its express powers by taking plaintiffs’ property. The Turnpike Authority disputes this contention.
Chapter 354 of the Acts and Resolves of 1952 (“The Act”) created, authorized, and empowered the Turnpike Authority “to construct, maintain, repair and operate ... a toll express highway ...” The Turnpike Authority has the power to acquire property by eminent domain if it deems such property necessary for carrying out the provisions of the Act. The Act, §4(K). Section 4(f) of the Act grants the Turnpike Authority the power to “acquire sites abutting on the turnpike and to construct or contract for the construction of buildings and appurtenances for gasoline stations, restaurants or other services ...” The Turnpike Authority argues that the Park and Ride, where commuters can leave their cars and car pool, is a “service” needed in conjunction with the turnpike and similar to a gas station or a restaurant. See Opinion of the Justices, 330 Mass. at 723. This court agrees. Accordingly, Count II is also dismissed.
IV.Count III — VIOLATION OF TRUST AGREEMENT
The Turnpike Authority contends that Count III should be dismissed because (1) plaintiffs do not have standing to assert violation of a trust agreement; and, (2) even if plaintiffs have standing to assert such a claim, they failed to do so within the applicable statute of limitations.
Section 12 of the Act explicitly provides that plaintiffs claiming violation of a trust agreement are limited to “any holder of bonds issued under the provisions [of the Act] or any of the coupons appertaining thereto, and the trustee under any trust agreement.” Plaintiffs do not fall into either category. They have no standing to bring a claim for violation of the trust agreement.
Moreover, even if the plaintiffs had standing, they failed to bring this cause of action within sixty days of the taking as required by G.L.c. 249, §4. This complaint was filed almost three years after the taking. Therefore, Count III is dismissed.
V.Count IV — VIOLATION OF PROCEDURAL DUE PROCESS Count VIII — INVALID TAKING
Plaintiffs assert that the Turnpike Authority, violated their due process rights by failing to adhere to proper procedures in taking the property. Specifically, plaintiffs allege that the Turnpike Authority failed to indicate the name of the owner of the property when it recorded the taking, and, thus, the taking must be rescinded.
G.L.c. 79, §1 sets forth the procedures which the Turnpike Authority must follow when taking a property by eminent domain. However, G.L.c. 79, §1 does not require that the name of the owner of the property be listed on the Order of Taking and plaintiffs have failed to cite authority that states otherwise. Because the Turnpike Authority complied with all procedural requirements for a taking by eminent domain pursuant to G.L.c. 79, §1, the plaintiffs’ claims for violation of due process fail. Accordingly, Counts IV and VIII are dismissed.
VI.Count V — THE MASSACHUSETTS TURNPIKE AUTHORITY IS A DE FACTO ORGANIZATION
Plaintiffs assert that the Turnpike Authority, in bad faith, has extended its existence beyond that authorized by the Legislature in its enabling legislation, and, therefore, the taking should be rescinded. The Turnpike Authority disputes this contention.
Section 17 of the Act provides for the dissolution of the Authority when the last of three events have occurred: (i) all bonds and interest thereon have been paid or sufficient funds set aside to pay said bonds and interest until maturity; (ii) tunnels owned and operated by the Authority under St. 1958, c. 598 have become part of the highway system pursuant to St. 1958 c. 598, §16; and (iii) the Authority has contributed sufficient funds to cover employees’ pensions and future administration of the Authority. Plaintiffs contend that the allegations that the Authority has amassed sufficient funds is, by itself, enough to entitle them to relief. However, §17 expressly requires that all three events, not merely one or two, must occur before *402 dissolution. Because this claim is wholly without merit and no possible view of the facts can support this cause of action, Count V is dismissed.
VII. Counts VI, VII, IX and X — COUNTS ALLEGING IMPROPER PURPOSE
The common element alleged by plaintiffs in these counts is that the Turnpike Authority took the property for an improper purpose.[2] The first amended complaint alleges that the Turnpike Authority selected the property to use as a Park & Ride facility. This Court has held that the taking of the property for a service such as a Park & Ride is proper. (See Section III above.) Therefore, the plaintiffs cannot establish that the taking was for an improper purpose. Accordingly, Counts VI, VII, IX and X are dismissed.
VII. Counts XI, XII, XIII and XIV INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONSHIPS AND INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONSHIPS
The Turnpike Authority argues that the four aforementioned claims must be dismissed. First, actions for contractual interference and related claims are not viable under G.L.c. 79, §45, as the statute is the exclusive remedy for damages arising from a taking. Second, plaintiffs have not alleged any wrongful conduct by tiie Turnpike Authority, an essential element of both intentional interference with contractual relations and intentional interference with advantageous relations. See United Truck Leasing Corp. v. Geltman, 406 Mass. 811, 815-16(1990). If the Turnpike Authority has acted with a lawful purpose, then claims for intentional interference must fail. See Conway v. Smerling, 37 Mass.App.Ct. 1, 7 (1994). Therefore, because the Turnpike Authority acted with a lawful purpose, legally taking the property to construct a Park & Ride, and because these claims are not viable under c. 79, §45, Counts XI through XTV are dismissed.
ORDER
It is therefore ORDERED that the Turnpike Authority’s Motion to Dismiss is ALLOWED.

Count VI (Violation of US Constitution and Article X of the Massachusetts Constitution; Government Taking of Private land for Improper Private Purpose), Count VII (Violation of G.L.c. 93A), Count IX (Use of the Property as a Conduit to the 9/90 Development is an Improper, Inconsistent, Unauthorized Non-Public Use) and Count X (The Taking of the Property was Arbitrary and Capricious).